## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JAMAAL DIXON, ) <br> Individually And On Behalf Of ) <br> All Others, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> LSI STAFFING SOLUTIONS, L.L.C. ) <br> ) <br> Defendant. ) | Case No.: 5:17-cv-6046 <br><br> **JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Jamaal Dixon, by and through his attorneys, and on behalf of himself, the Putative Classes set forth below, and in the public interest, brings the following class action Petition against Defendant, LSI Staffing Solutions, L.L.C. ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff from a third party.

3. Defendant paid a fee to the third party for the information it obtained concerning the Plaintiff.

4. The information obtained from the third party concerning the Plaintiff was a consumer report (as a consumer report is defined pursuant to the FCRA).

5. Defendant contracted with Asurint to provide a copy of the consumer report and a copy of the FCRA Summary of Rights before any adverse action was taken, based in whole or in part, on information contained within a consumer report.

6. Defendant relies on information in consumer reports to make decisions regarding

prospective or current employees.

7. Defendant relies on information in a consumer report, in whole or in part, as a basis for adverse employment action; such as a refusal to hire and/or termination.

8. Plaintiff asserts FCRA claims against Defendant on behalf of himself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

9. On behalf of himself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, and all other relief available pursuant to the FCRA.

## PARTIES

10. Plaintiff Dixon is a resident of Kansas City, Missouri. Plaintiff was the subject of a consumer report and is a member of the Putative Class defined below.

11. Defendant is a foreign company formed under the laws of Kansas doing business in Missouri and throughout the United States.

## JURISDICTION AND VENUE

12. This matter was removed to the Western District of Missouri, St. Joseph Division, by the Defendant on or about April 14, 2017.

## FACTUAL ALLEGATIONS

13. Plaintiff applied in person in or about August 2016 and completed an application online while Plaintiff was in the office of Defendant.

14. Plaintiff interviewed with the Defendant after completing the application.

15. Plaintiff was given the job and badge the next day by Defendant.

16. Plaintiff toured Defendant's job site that day.

17. Plaintiff worked at Toys R Us as an employee of the Defendant the following two days.
18. Defendant obtained a consumer report on the Plaintiff.
19. The Defendant obtained a consumer report on the Plaintiff using a disclosure form that did not comply with 15 U.S.C. §1681b.
20. Defendant called Plaintiff the morning after his second day of work and said that he could not go back to work at Toys R Us because of his consumer report but Defendant would place Plaintiff on an availability list.
21. The Plaintiff has called the Defendant numerous seeking subsequent employment, but the Defendant has failed to return his calls or place the Plaintiff with a different employer.
22. Plaintiff did not receive a copy of the FCRA Summary of Rights from the Defendant prior to the call informing him that he was denied employment.
23. Plaintiff did not receive a copy of his consumer report from the Defendant prior to the call informing him that he was denied employment.
24. Plaintiff did not receive a reasonable time to address the information in the consumer report prior to the call informing him that he was denied employment.
25. The Defendant has entered into agreements with the consumer reporting agency to obtain private information regarding consumers.
26. The agreements made between the Defendant and the consumer reporting agency contains promises that require the Defendant to abide by the protections provided by 15 U.S.C. § 1681b(b)(2) and (3).
27. The agreements between the Defendant and the consumer reporting agency

benefit the consumer.

28. The Plaintiff and other consumers are third party beneficiaries of the contract between the Defendant and the consumer report agency.

29. The Defendant has entered into agreements with the consumer reporting agency to obtain private information regarding consumers.

30. The agreements made between the Defendant and the consumer reporting agency contains promises that require the Defendant to abide by the protections provided by 15 U.S.C. §1681b(b)(2) and b(b)(3).

31. The Plaintiff and other consumers are third party beneficiaries of the contract between the Defendant and the consumer report agency.

32. Plaintiff was not provided with a reasonable amount of time to challenge any inaccuracy that may have been present within the consumer report.

33. Plaintiff was not provided with an FCRA summary of rights prior to the adverse action that was based upon his consumer report.

34. Defendant failed to utilize a FCRA compliant disclosure form.

35. Defendant is aware of the FCRA.

36. Defendant has knowledge that it must comply with the FCRA.

37. Defendant is required to obtain all consumer reports for employment purposes in accordance with the FCRA.

38. Defendant obtained a consumer report on the Plaintiff from Asurint.

39. Despite having knowledge of the requirements of the FCRA, Defendant failed to comply with the FCRA.

40. Defendant's failure to provide the Plaintiff with a copy of the consumer report, a

reasonable notice period in which to challenge any inaccuracy in the consumer report, or a written description of rights under the FCRA prior to the adverse action, constitutes multiple violations of the FCRA.

41. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

## CLASS ACTION ALLEGATIONS

42. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

43. Plaintiff asserts the following adverse action class defined as:

    **Proposed Adverse Action Class:** All employees or prospective employees of Defendant in the United States that suffered an adverse employment action on or after February 22, 2015, that was based, in whole or in part, on information contained in a consumer report, and who were not provided a copy of such report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, and/or a written description of their rights in accordance with the FCRA in advance of said adverse employment action.

44. Plaintiff asserts the following Putative Improper Disclosure Class defined as follows:

    **Proposed Improper Disclosure Class:** All employees or prospective employees of the Defendant in the United States who were the subject of a consumer report obtained by the Defendant on or after February 22, 2015 through the present that utilized a non-compliant FCRA disclosure form.

### Numerosity

45. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in consumer reports. Defendant relies on the information contained it said consumer reports, in whole or in part, as a basis for adverse employment action. Given the number of employees working for the Defendant, Plaintiffs believe that during the relevant

time period, hundreds of Defendant's employees and prospective employees would fall within the definition of the class.

## Common Questions of Law and Fact

46. Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

   a. Whether Defendant uses consumer report information for employment purposes;

   b. Whether the Defendant fails to make a proper disclosure to employees and/or prospective employees that a consumer report may be obtained for employment purposes;

   c. Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class on the basis of information in a consumer report, without first providing a copy of the report to the affected individuals;

   d. Whether the Defendant violated the FCRA by failing to provide the Plaintiff and other members of the Adverse Action Class with a reasonable amount of time to cure any inaccuracy within the consumer report prior to the adverse employment action;

   e. Whether Defendant's violations of the FCRA were willful;

   f. The proper measure of statutory damages and punitive damages.

## Typicality

47. Plaintiff's claims are typical of the members of the proposed class. Defendant typically uses consumer reports to evalute employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members. Defendant typically uses consumer reports for employment purposes, but fails to provide the consumer report before taking an adverse

employment action based on information contained in said report. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

48. Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

49. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

50. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

51. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds that

apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

52. Class certification is also appropriate under Rule 23 of the Federal Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

53. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 23 of the Federal Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## **FCRA VIOLATIONS**

54. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

55. Defendant obtained a "consumer report," concerning the Plaintiff by using a

disclosure form that violated the FCRA.

56. Defendant used a consumer report, as defined by the FCRA, to take adverse employment action against Plaintiff, and on information and belief, other members of the adverse action class.

57. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the consumer report that was used to take adverse employment action against them prior to the adverse action.

58. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to cure any inaccuracies within the consumer reports prior to the adverse action.

59. Plaintiff lost time and incurred costs because of Defendant's violation of the FCRA.

60. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other adverse action class members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

　　　　a. Defendant has access to legal advice through outside employment counsel;

　　　　b. Defendant committed multiple violations of the FCRA by not providing the Plaintiff with a copy of the consumer report, and not providing the Plaintiff with a reasonable notice period to cure inaccuracies before taking adverse employment action as mandated by the FCRA;

　　　　c. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

　　　　d. 15 U.S.C. §1681-1681y, requires credit agencies to provide notice

> > to users of consumer reports of the users legal obligations under the FCRA prior to the procurement of consumer reports.
>
> > e. User agreements between the Defendant and the consumer reporting agency placed the Defendant on notice of legal obligations required by the FCRA

61. Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

62. Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

63. Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

> a. An Order that this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;
>
> b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;
>
> c. Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;
>
> d. Order finding that Defendant committed multiple, separate violations of the FCRA;
>
> e. Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

f. Order awarding statutory damages and punitive damages as provided the FCRA;

g. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed class have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF


### Certificate of Service
I hereby certify that a true and correct copy of the above and foregoing was filed via the Court's ECF system on July 25, 2017.

/s/ C. Jason Brown
Attorney for Defendant